UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN D. DANIELS,

    Petitioner,

                Case No. 11-cv-12199

v.

                HON. MARK A. GOLDSMITH

DUNCAN MACLAREN,

    Respondent.

_____/

**OPINION AND ORDER**
**(1) DENYING THE MOTION TO DISMISS (Dkt. 31); (2) COMPELLING ANSWER**
**ADDRESSING THE MERITS OF THE AMENDED PETITION FOR WRIT OF**
**HABEAS CORPUS; AND (3) DENYING THE MOTION TO HOLD RESPONDENT IN**
**CONTEMPT OF COURT (Dkt. 35)**

## I.  INTRODUCTION

Petitioner Sean Daniels filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for first-degree murder, Mich. Comp. Laws § 750.316(1)(a); assault with intent to murder, Mich. Comp. Laws § 750.83; and possession of a firearm in the commission of a felony, Mich. Comp. Laws § 750.227b.

This matter is before the Court on Respondent's motion to dismiss Petitioner's additional claims, arguing that new claims raised in the amended petition for writ of habeas corpus are barred by the statute of limitations found in 28 U.S.C. § 2244(d)(1).  Petitioner has filed a response to the motion to dismiss.  Petitioner has also filed a motion to show cause why respondent should not be held in contempt of court.  Having reviewed the pleadings and the issues raised by petitioner in his original and amended habeas petitions, in the motion to dismiss, and petitioner's reply to the motion to dismiss, the Court will deny the motion to dismiss and will order that an answer addressing the merits of the new claims contained in the amended petition

1

be filed in this matter within sixty days of the Court's order. The Court will deny the motion to hold respondent in contempt of court.

## II. BACKGROUND

Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal. People v. Daniels, No. 287769, 2010 WL 571841, at *3 (Mich. Ct. App. Feb. 18, 2010) (per curiam), leave denied, 783 N.W.2d 376 (Mich. 2010).

On March 29, 2011, Petitioner filed his petition for writ of habeas corpus (Dkt. 1).[1] Petitioner sought habeas relief on the four grounds that he raised in the state courts on his direct appeal. On September 12, 2012, the Court entered an opinion and order granting Petitioner's motion to hold the petition in abeyance, so that Petitioner could return to the state courts to exhaust additional claims that had not yet been presented to the state courts. 9/12/2012 Op. & Order (Dkt. 17). The Court also administratively closed the case.

On October 23, 2012, Petitioner filed a post-conviction motion for relief from judgment, which was denied by the trial court. People v. Daniels, No. 07-024398-01-FC (Wayne Cnty. Cir. Ct. Jan. 23, 2013) (Dkt. 32-3). The Michigan appellate courts denied leave to appeal. People v. Daniels, No. 316725 (Mich. Ct. App. Oct. 29, 2013), leave denied, 846 N.W.2d 548 (Mich. 2014).

On June 24, 2104, Petitioner filed an amended petition (Dkt. 22) and a request to reinstate his case (Dkt. 21). On October 31, 2014, the Court reopened the case to the Court's active docket, amended the caption, permitted Petitioner to file an amended habeas petition, and

---

[1] Under the prison-mailbox rule, this Court assumes that Petitioner filed his habeas petition on March 29, 2011, the date that it was signed and dated. See Towns v. United States, 190 F.3d 468, 469 (6th Cir. 1999).

ordered Respondent to file an answer to the claims raised in the amended habeas petition. 10/31/2014 Op. & Order (Dkt. 27).

Respondent filed a motion to dismiss Petitioner's new claims that he raised in his amended petition (Dkt. 31), arguing that they are untimely because they were filed more than one year after Petitioner's conviction became final. Petitioner has filed a response to the motion to dismiss (Dkt. 33), as well as a motion to hold Respondent in contempt of court (Dkt. 35).

### III. DISCUSSION

#### A.  Respondent's Motion to Dismiss

Respondent has filed a motion to dismiss the petition for writ of habeas corpus on the ground that the new claims contained within the amended habeas petition were not filed in compliance with the statute of limitations.  In the statute of limitations context, "dismissal is appropriate only if a complaint clearly shows the claim is out of time."  Harris v. New York, 186 F.3d 243, 250 (2d Cir. 1999); see also Cooey v. Strickland, 479 F.3d 412, 415-416 (6th Cir. 2007).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, applies to all habeas petitions filed after the Act's effective date, April 24, 1996, and imposes a one-year statute of limitations applies to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court.  28 U.S.C. § 2244(d)(1).  Petitioner's habeas petition was filed after April 24, 1996, and, thus, the provisions of the AEDPA, including the limitations period for filing a habeas petition, apply.  See Lindh v. Murphy, 521 U.S. 320, 337 (1997).  The one-year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

3

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Absent statutory or equitable tolling, a petition for writ of habeas corpus must be dismissed where it has not been filed before the limitations period expires.  See 28 U.S.C. §§ 2244(d)(1)-(2); Allen v. Yukins, 366 F.3d 396, 401 (6th Cir. 2004); see also Lee v. Brunsman, 474 F. App'x 439, 441 (6th Cir. 2012).

Respondent contends that Petitioner's claims, which he raised for the first time in his amended petition for writ of habeas corpus, are barred by the one-year statute of limitations contained within 28 U.S.C. § 2244(d)(1), because the amended petition was filed more than one year after Petitioner's conviction became final.

In the present case, Petitioner's various pleadings raise a genuine issue of material fact as to whether the claims raised in Petitioner's amended habeas petition are time-barred for several reasons.

First, Respondent does not dispute that Petitioner's original habeas petition was timely filed.  Petitioner raised the following claims in his original petition: (i) trial counsel was ineffective for objecting to the admission of the autopsy photographs at trial in front of the jury, rather than in a pre-trial motion; (ii) counsel was ineffective where he was repeatedly

4

reprimanded by the trial court for failing to properly cross-examine the witnesses and for arguing with the judge; (iii) counsel was ineffective for failing to make an opening statement and for refusing to continue with his closing argument when the judge imposed a time limit on closing arguments; and (iv) insufficient evidence as to the identity of the perpetrator was presented to sustain petitioner's convictions.

In his amended habeas petition, Petitioner raises these same claims, plus the following new claims: (v) Petitioner was denied a fair trial when the prosecutor and police withheld exculpatory evidence and obtained his conviction through false evidence that was manufactured by the police, prosecutor, medical examiner, and complaining witness; (vi) the trial judge engaged in misconduct by openly arguing with defense counsel in front of the jury, imposing a time limit on defense counsel's closing argument, walking off the bench during closing arguments, and failing to order that defense counsel continue to represent Petitioner during closing arguments; (vii) the judge gave erroneous and improper instructions to the jury; (viii) Petitioner was denied the effective assistance of appellate counsel for failing to raise these claims on his appeal of right;  (ix) cumulative error; and (x) the state courts violated Petitioner's equal protection rights in denying him post-conviction relief when he established cause and prejudice for failing to raise these claims on his direct appeal.

When a habeas petitioner files an original petition within the one-year deadline, and later presents new claims in an amended petition that is filed after the deadline passes, the new claims will relate back to the date of the original petition only if the new claims share a "common core of operative facts" with the original petition.  Mayle v. Felix, 545 U.S. 644, 664 (2005).

In the present case, at least some, if not most, of Petitioner's amended claims appear to share a common core of operative facts with the claims raised in his original habeas petition.  For

example, Petitioner's sixth claim relates back to his second and third claims involving trial counsel's ineffectiveness for arguing with the judge and for failing to complete his closing argument. Petitioner's ineffective assistance of appellate counsel claim is related to this sixth claim. Petitioner's cumulative errors claim would appear to be related to all of the claims. Because these claims appear related to claims raised in Petitioner's original petition, it is not clear that these claims would be time-barred.

Secondly, Petitioner contends that his fifth claim is not time-barred because it is based on newly discovered evidence that he was prevented from receiving by the prosecutor and other parties. Petitioner claims he only obtained the information to support this claim after making a motion for discovery in the Wayne County Circuit Court. Petitioner argues that, at the very least, the limitations period should be equitably tolled for the time spent attempting to obtain the documents that would support his fifth claim.

Pursuant to 28 U.S.C.§ 2244(d)(1)(B), the one-year limitations period can begin running at a date later than the conclusion of direct review if a state-imposed impediment that prevented the petitioner from filing his petition is subsequently removed. See Redmond v. Jackson, 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003). Pursuant to 28 U.S.C.§ 2244(d)(1)(D), the AEDPA's one-year limitations period begins to run from the date upon which the factual predicate for a claim could have been discovered through due diligence by the habeas petitioner. See Ali v. Tennessee Bd. of Pardon & Paroles, 431 F.3d 896, 898 (6th Cir. 2005).

Finally, the AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some

6

extraordinary circumstance stood in his way" and prevented the timely filing of the habeas petition. Id. at 649.

Petitioner's amended petition and his response brief raise genuine questions concerning whether state action prevented Petitioner from discovering the evidence in support of his fifth claim, whether this evidence is truly newly discovered, and/or whether he is entitled to equitable tolling. Moreover, as mentioned before, it appears as though several of Petitioner's amended claims share a common core of operative facts with at least one claim raised in the original petition.

In addition, although the issue of whether a claim is procedurally barred should ordinarily be resolved first, "judicial economy sometimes dictates reaching the merits [of a claim or claims] if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated." Barrett v. Acevedo, 169 F.3d 1155, 1162 (8th Cir. 1999). Because the statute of limitations does not constitute a jurisdictional bar to habeas review, a federal court can, in the interest of judicial economy, proceed to the merits of a habeas petition. See Smith v. State of Ohio Dep't of Rehab., 463 F.3d 426, 429 n.2 (6th Cir. 2006). In the present case, because of the complexities involved, it appears to be easier and more judicially efficient to adjudicate Petitioner's amended claims on the merits, rather "than to untangle the complexities of the timeliness issue." See Jones v. Bowersox, 28 F. App'x. 610, 611 (8th Cir. 2002). Accordingly, the Court believes that the ends of justice would be better served by ordering an answer that addresses the merits of Petitioner's claims.

Therefore, the Court denies the motion to dismiss and orders the Respondent to file an answer that responds to the merits of Petitioner's new habeas claims within 60 days of the

Court's order.  See Erwin v. Elo, 130 F. Supp. 2d 887, 890-891 (E.D. Mich. 2001); 28 U.S.C. § 2243.[2]

The Court will also order Respondent to provide this Court with any Rule 5 materials that have not already been filed with the Court at the time that it files its answer.  The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state-court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished.  Griffin v. Rogers, 308 F.3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254.

Finally, the Court rejects Petitioner's argument that Respondent waived any affirmative defenses to Petitioner's new claims by filing a motion to dismiss, rather than an answer to the merits of these claims. Under Rule 4 of the Rules Governing § 2254 Cases, it is clearly permissible for a respondent to file a motion to dismiss or for summary judgment.  See Jackson v. Straub, 309 F. Supp. 2d 952, 959 (E.D. Mich. 2004) (holding that it was reasonable for respondent to file motion for summary judgment on statute of limitations grounds, rather than answer merits of petition, when the law in effect at time that respondent filed motion held that the habeas petition was time-barred).

### B.  Petitioner's Motion to Hold Respondent in Contempt

Petitioner has filed a motion to hold Respondent in contempt of court, because he did not file all of the Rule 5 materials when he filed his motion to dismiss.  Respondent indicated in his

---

[2] Respondent previously filed a response to Petitioner's original habeas petition on November 29, 2011 (Dkt. 7), and is, therefore, required to respond only to any issues raised by Petitioner in his amended habeas petition, which have not already been raised by Petitioner in his original habeas petition.

motion to dismiss that he did not have all of the Rule 5 materials, but will file them as soon as they are obtained.

This Court has ordered Respondent to file any additional Rule 5 materials when it files his supplemental answer.  The Court elects not to directly sanction Respondent for contempt at this time, finding that the disregard of this Court's orders to file the Rule 5 materials was not, itself, intentional on the part of Respondent.  See, e.g., Burdine v. Johnson, 87 F. Supp. 2d 711, 718 (S.D. Tex. 2000).

## IV.  CONCLUSION

For the reasons stated above, the Court denies Respondent's motion to dismiss (Dkt. 31). The Court further orders Respondent to file a supplemental answer addressing the new claims raised by Petitioner in his amended habeas petition, and any additional Rule 5 materials that have not already been filed with the Court, within 60 days of this order.  The Court denies Petitioner's motion to hold respondent in contempt. (Dkt. 35).

SO ORDERED.

Dated:  October 30, 2015         s/Mark A. Goldsmith
     Detroit, Michigan          MARK A. GOLDSMITH
                             United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 30, 2015.

          s/Karri Sandusky
          Case Manager