UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN DANIELS,

        Petitioner,

                                          Case No. 11-cv-12199

v.

                                          HON. MARK A. GOLDSMITH

DUNCAN MACLAREN,

        Respondent.

_____/

**OPINION AND ORDER**
**(1) DENYING MOTION TO COMPEL (Dkt. 40); (2) DENYING MOTION TO SHOW CAUSE (Dkt. 43); AND (3) DENYING MOTION TO SUPPLEMENT (Dkt. 44)**

Petitioner Sean Daniels filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for first-degree murder, Mich. Comp. Laws §750.316(1)(a); assault with intent to murder, Mich. Comp. Laws § 750.83; and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b.

This matter is before the Court on several motions filed by Petitioner. First, Petitioner has filed a motion to compel Respondent to address the factual allegations raised in his fifth, sixth, and seventh through tenth habeas claims. See generally Pet'r Mot. to Compel (Dkt. 40) In the alternative, he asks the Court to construe Respondent's failure to address the factual allegations as an admission as to their truth. Petitioner's fifth claim concerns the prosecutor's alleged failure to disclose exculpatory medical evidence. Respondent argues that Petitioner failed to show any undisclosed exculpatory medical records existed or that the prosecutor was ever in possession of such records. Respondent's argument clearly responds to and denies Petitioner's factual allegations for this claim. Similarly, Respondent's answer to claims seven through ten adequately address the content of those claims.

1

Petitioner's sixth claim concerns the trial judge's absence from the courtroom during closing argument. Petitioner argues that Respondent failed to address whether the trial judge's absence from the courtroom during closing argument and counsel's conduct in this regard denied Petitioner his right to counsel at a critical stage of the proceeding. Respondent did not specifically address the absence of counsel claim (which is not a factual allegation, but a legal one) in his supplemental answer. Respondent's original answer addressed Petitioner's claim that counsel performed deficiently during closing argument and, although Respondent did not specifically address a potential denial of counsel claim, the answer could be viewed as implicitly addressing this claim. Even if Respondent failed to address this claim, the appropriate remedy is not to deem Respondent's silence an admission. Doing so would be tantamount to granting Petitioner relief on his absence of counsel claim. Default judgments are not available in habeas corpus proceedings. Allen v. Perini, 424 F.2d 134, 138 (6th Cir. 1970). The failure of the State of Michigan to respond specifically to a particular claim does not relieve a habeas petitioner of the burden to prove that his custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Court finds Respondent's answer and supplemental answer, considered together, sufficient to allow the Court to fairly evaluate this claim. Therefore, the Court denies Petitioner's motion to compel.

Next, Petitioner filed a motion to show cause why Respondent should not be held in contempt of court for failing to file, as part of the Rule 5 materials, certain pleadings filed in Michigan Court of Appeals case no. 317038. See generally Pet'r Mot. to Show Cause (Dkt. 43). Specifically, Petitioner claims that Respondent failed to file: (i) Petitioner's brief in support of complaint for superintending control, (ii) the State's answer to the complaint, (iii) the State's brief in support of answer, (iv) the Michigan Court of Appeals' docket sheet, and (v) the order

denying complaint for superintending control. With the exception of the Michigan Court of Appeals' docket sheet for case no. 317038, Respondent filed all of the foregoing papers. See Ex. 4 to Notice of Filing (Dkt. 38-4). The Court finds that the state court of appeals' docket sheet is not relevant to a determination of the merits of the petition. Therefore, the Court denies Petitioner's motion to show cause.

Finally, Petitioner filed a motion to supplement (Dkt. 44), in which he seeks to supplement the record to include details regarding his trial attorney's apparent recent suspension from the practice of law by the Michigan Attorney Discipline Board. Based upon the information provided by Petitioner, it appears that the disciplinary proceedings are unrelated to Petitioner's specific case. Petitioner seeks instead to provide the information as evidence of his trial attorney's general character. Rule 7 of the Rules Governing Section 2254 Cases permits a federal court to allow the parties to expand the record by "submitting additional materials relating to the petition." The decision whether to allow expansion of the record under Rule 7 is left to the discretion of the district court. Landrum v. Mitchell, 625 F.3d 905, 923 (6th Cir. 2010). At this time, the Court finds that Petitioner has not shown that the disciplinary proceedings are sufficiently related to the claims raised in his petition to warrant expansion of the record. Therefore, Court denies the motion to supplment on this basis. This denial is without prejudice to Petitioner seeking to expand the record upon a showing that the disciplinary proceeding directly involved counsel's representation of Petitioner.

For the reasons stated, the Court denies Petitioner's motion to compel (Dkt. 40), motion to show cause (Dkt. 43), and motion to supplement (Dkt. 44).

SO ORDERED.

Dated: January 11, 2017
      Detroit, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 11, 2017.

s/Marlena Williams
In the absence of Karri Sandusky
Case Manager