UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN DANIELS,

        Petitioner,                    Case Number: 11-12199
                                                 Honorable Mark A. Goldsmith

v.

DUNCAN MACLAREN,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR RELIEF
FROM JUDGMENT (Dkt. 56), MOTION FOR POST-JUDGMENT
DISCOVERY (Dkt. 57), MOTION TO ADD TO RELIEF REQUESTED (Dkt. 58), AND
MOTION FOR APPOINTMENT OF COUNSEL (Dkt. 54)**

        On March 13, 2018, the Court denied Petitioner Sean Daniels' petition for a writ of habeas corpus filed under 28 U.S.C. § 2254 and declined to issue a certificate of appealability (Dkt. 46). The Sixth Circuit Court of Appeals also denied a certificate of appealability (Dkt. 52.). Now before the Court are Petitioner's motion for relief from judgment (Dkt. 56), motion for post-judgment discovery (Dkt. 57), motion to add to relief requested (Dkt. 58), and motion for appointment of counsel (Dkt. 54). For the reasons set forth, the Court denies Petitioner's motions.

        Petitioner seeks relief from judgment under Federal Rule of Civil Procedure 60(d)(3). Rule 60(d)(3) provides that a judgment may be attacked for fraud on the court. The Sixth Circuit has described fraud on the court as "egregious conduct involving a corruption of the judicial process itself." Gen. Medicine, PC v. Horizon/CMS Health Care Corp., 475 F. App'x 65, 71 (6th Cir. 2012) (internal quotation marks and citations omitted). Relief under 60(d)(3) is available only in "unusual and exceptional circumstances," and this provision will be invoked only "to prevent a grave miscarriage of justice." Buell v. Anderson, 48 F. App'x 491, 498 (6th Cir. 2002) (internal

quotation marks and citations omitted).  More specifically, the Sixth Circuit has defined fraud on the court as follows:

> [C]onduct: "1) on the part of an officer of the court; that 2) is directed to the judicial machinery itself; 3) is intentionally false, willfully blind to the truth, or is in reckless disregard of the truth; 4) is a positive averment or a concealment when one is under a duty to disclose; and 5) deceives the court.

Carter v. Anderson, 585 F.3d 1007, 1111 (6th Cir. 2009) (citing Demjanjuk v. Petrovsky, 10 F.3d 338, 348 (6th Cir.1993)).

In this case, Petitioner argues that the prosecutor's office and the Wayne County medical examiner's office perpetrated a fraud upon the court by concealing various medical records and autopsy photos of the victim.  Mot. for Relief from Judgment at PageID.1959-60 (Dkt. 56).  He concludes that had this Court been provided the concealed documents, the result of the habeas proceeding would have been different.  Petitioner raised similar and overlapping claims of concealed and doctored evidence in his habeas petition. The Court rejected those conclusory allegations because they were based upon mere speculation about a far-reaching conspiracy. 3/13/18 Op. & Order Denying Pet. for Writ of Habeas Corpus at PageID.1923-1924 (Dkt. 46) Petitioner again presents only conclusory allegations of falsified and missing evidence.  His unsupported allegations fall far short of showing that any fraud was committed upon this Court, and the Court will deny the motion.

Petitioner also seeks post-judgment discovery of the victim's medical records (Dkt. 57).  A habeas petitioner is not entitled to discovery as a matter of course, but only upon a fact-specific showing of good cause and in the Court's exercise of discretion.  See Rule 6(a), Rules Governing § 2254 Cases.  Neither the habeas rules nor the Federal Rules of Civil Procedure provide for post-judgment discovery, nor has Petitioner shown good cause for discovery in this instance.

Petitioner seeks relief from custody in his motion to add to relief requested (Dkt. 58). Petitioner's application for habeas relief has been denied and the case closed. There is no basis for releasing Petitioner from custody.

Finally, Petitioner seeks the appointment of counsel (Dkt. 54). There exists no constitutional right to the appointment of counsel in civil cases, and the court has broad discretion in determining whether counsel should be appointed. Franklin v. Rose, 765 F.2d 82, 85 (6th Cir. 1985) (holding that a habeas petitioner is not entitled to the appointment of counsel to assist in habeas corpus proceedings). A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Because the Court denied habeas relief two years ago, the Sixth Circuit Court of Appeals has denied a certificate of appealability, and the case is closed, the Court finds no justification for appointing counsel.

Before a habeas petitioner may appeal the denial of a motion for relief from judgment, the petitioner must obtain a certificate of appealability (COA). 28 U.S.C. § 2253(c)(1)(B); United States v. Hardin, 481 F.3d 924, 926 (6th Cir. 2007) (requiring a certificate of appealability as a prerequisite for a habeas petitioner's appeal of the denial of a Rule 60(b) motion). To obtain a COA, a petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In the context of a Rule 60(b) motion, "a petitioner must demonstrate that jurists of reason would find it debatable whether the district court properly denied the Rule 60(b) motion, and whether the underlying habeas petition states a valid claim of the denial of a constitutional right." Kelly v. Hoffner, No. 16-1743, 2017 WL 6003435, at *1 (6th Cir. Mar. 6, 2017) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)). The Court

denies Petitioner a certificate of appealability because jurists of reason would not find the denial of the Rule 60(b) motion to be debatable.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and denies Petitioner leave to proceed in forma pauperis on appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Accordingly, the Court denies Petitioner's Motion for Relief from Judgment (Dkt. 56), Motion for Post-Judgment Discovery (Dkt. 57), Motion to Add to Relief Requested (Dkt. 58), and Motion for Appointment of Counsel (Dkt. 54).  It also denies Petitioner a certificate of appealability and leave to file an appeal in forma pauperis.

SO ORDERED.

Dated:  September 28, 2020                    s/Mark A. Goldsmith
       Detroit, Michigan                                  MARK A. GOLDSMITH
                                                      United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 28, 2020.

                                                                                s/Karri Sandusky
                                                                                Case Manager