UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN DANIELS,

        Petitioner,                      Case Number: 11-12199
                                                      Honorable Mark A. Goldsmith

v.

DUNCAN MACLAREN,

        Respondent.

_____/

**OPINION AND ORDER**
**(1) DENYING PETITIONER'S MOTIONS FILED AS DOCKET ENTRIES 85–88**
**AND 96; (2) TRANSFERRING DOCKET ENTRIES 89, 90, AND 93 TO THE**
**SIXTH CIRCUIT COURT OF APPEALS; AND (3) ENJOINING PETITIONER**
**FROM FILING FURTHER MOTIONS AND DOCUMENTS IN THIS CASE**
**WITHOUT LEAVE OF COURT**

       This matter is before the Court on eight post-judgment motions filed by Sean Daniels (Petitioner), a Michigan prisoner proceeding pro se. For the reasons set forth below, five of Petitioner's motions are denied (Dkts. 85–88, 96), three of Petitioner's motions are transferred to the Court of Appeals (Dkts. 89, 90, 93), and Petitioner is enjoined from filing further motions and documents in this case without leave of Court.

       **I.    BACKGROUND**

       In 2008, a jury convicted Petitioner of first-degree premeditated murder, assault with intent to commit murder, and possession of a firearm during the commission of a felony. See People v. Daniels, No. 287769, 2010 WL 571841, at *1 (Mich. Ct. App. Feb. 18, 2010). In 2011, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. 1). The Court later granted Petitioner's motion to hold the petition in

abeyance while he presented unexhausted claims in the state court. Op. & Order Holding Pet. in Abeyance (Dkt. 17). In 2014, the Court granted Petitioner's request to reopen the case. Op. & Order Granting Mot. to Reopen (Dkt. 27). On March 13, 2018, the Court denied the petition and declined to issue a certificate of appealability. Op. & Order Den. Pet. and Den. Certificate of Appealability (Dkt. 46). The United States Court of Appeals for the Sixth Circuit also denied a certificate of appealability. Daniels v. Jackson, No. 18-1342, 2018 WL 4621942 (6th Cir. July 17, 2018).

In 2019, Petitioner filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(d)(3). He argued that the prosecutor's office and Wayne County medical examiner's office perpetrated a fraud upon the court by concealing various medical records and autopsy photos of the victim. Mot. for Relief from J. at PageID.1959–1960 (Dkt. 56). The Court held that Petitioner's unsupported, conclusory allegations were patently insufficient to show a fraud upon the court. Order Den. Mot. for Relief from Judgment at PageID.2018 (Dkt.59). The Court denied the motion for relief from judgment, declined to issue a certificate of appealability, and denied Petitioner's motions for appointment of counsel, post-judgment discovery, an evidentiary hearing, and release from custody. See id. The Sixth Circuit also denied a certificate of appealability. Daniels v. Jackson, No. 20-2090, 2021 WL 1923060 (6th Cir. Mar. 9, 2021).

In 2022, Petitioner filed a second motion for relief from judgment (Dkt. 67). The second motion was essentially identical to Petitioner's first motion for relief from judgment. The Court held that Petitioner's attempt to relitigate issues already decided was barred by the law of the case doctrine and denied the motion. Order Den. Mot. for Relief

from J. (Dkt. 91). The Court also declined to issue a certificate of appealability from the denial of Petitioner's motion for relief from judgment. See id. The Court also denied multiple miscellaneous motions seeking various discovery. See id.

## II. ANALYSIS

### A. Motion to Hold All Pending Motions in Abeyance (Dkt. 96)

On March 1, 2024, Petitioner filed an emergency motion to hold all pending motions in abeyance. He states that, on July 3, 2023, the Michigan Court of Appeals vacated the Wayne County Circuit Court's September 27, 2022 order denying his successive motion for relief from judgment. See People v. Daniels, No. 364929 (Mich. Ct. App. July 3, 2023), Mot. to Hold Mots. in Abeyance at PageID.2509 (Dkt. 96). The court of appeals held that the decision was based on multiple legal errors: (1) the trial court applied the wrong test to determine whether the successive motion was procedurally barred under Michigan Court Rule 6.502(G)(2); (2) the trial court incorrectly held that "newly available evidence is categorically insufficient to warrant the grant of a new trial"; and (3) the trial court relied on overruled precedent. Id. The court of appeals remanded the matter to the circuit court for consideration under the appropriate legal framework. Id.

Review of the trial court's publicly available docket suggests that the trial court has not yet issued a decision on remand. Petitioner maintains that the Court should hold his pending motions in abeyance until the trial court decides his motion for relief from judgment. The Court recognizes "the State's strong interest in enforcing its criminal judgments without undue interference from the federal courts," Hill v. McDonough, 547 U.S. 573, 584 (2006), but finds it unnecessary to hold Petitioner's motions in abeyance

3

until the state court issues a decision. The questions at issue in Petitioner's motions are distinct from the questions before the state court. The state court proceedings concern the application of state court rules governing the filing of a successive motion for relief from judgment and newly discovered evidence not before this Court.[1] Therefore, there is no reason to hold the motions in abeyance.

### B. Motion to Supplement Motion to Compel Production of Documents (Dkt. 85)

Petitioner asks the Court to order Detroit Receiving Hospital to produce a complete copy of the victim's medical records. A habeas petitioner is not entitled to discovery as a matter of course, but only upon a fact specific showing of good cause and in the Court's exercise of discretion. See Rule 6(a), Rules Governing § 2254 Cases. The Court finds no basis for granting discovery in this long-closed habeas corpus proceeding and denies Petitioner's motion.

### C. Motion to Amend and Alter Judgment (Dkt. 86), Motion to Amend Motion to Amend (Dkt. 87), and Amended Motion to Amend and Alter Judgment (Dkt. 88)

Approximately five years after the Court denied the petition for a writ of habeas corpus, Petitioner filed a motion to amend and alter judgment under Federal Rules of Civil Procedure 15(c) and 59(e). He asks the Court to alter or amend its decision denying his petition for a writ of habeas corpus.

---

[1] Petitioner clearly states that the newly discovered evidence at issue in state court is not the same newly discovered evidence he has presented in this Court. See Mot. to Hold Mots. in Abeyance at PageID.2506 (Dkt. 96).

Motions under Rule 59(e) must be filed within twenty-eight days of judgment, a time limit district courts are without authority to extend. See Fed. R. Civ. P. 6(b)(2). Judgment was entered in this case on March 13, 2018. See Dkt. 47. Petitioner's motion therefore was filed well beyond the 28-day period and is untimely.

Petitioner also filed a motion to amend the motion to amend (Dkt. 87) and an amended motion to amend and alter judgment (Dkt. 88). The Court will deny the motion to amend (Dkt. 87) because it would be futile given that Petitioner's Rule 59(e) motion is untimely. See Wiedbrauk v. Lavigne, 174 F. App'x 993, 1001–1002 (6th Cir. 2006) (finding it futile to permit petitioner to amend his petition to add a time-barred claim). Additionally, if the Court granted Petitioner leave to amend and considered the amended Rule 59(e) motion, the result would be the same. The amended motion is untimely because, even though it also challenges a later judgment—the September 28, 2020 judgment denying Petitioner's Rule 60(d)(3) motion—it was still filed over two years late.

**D.   Motion to Amend Motion for Relief from Judgment (Dkt. 89), Amended Motion for Relief from Judgment (Dkt. 90), and Motion for Reconsideration (Dkt. 93)**

Next, Petitioner has filed a motion for leave to amend his motion for relief from judgment (Dkt. 89), an amended motion for relief from judgment (Dkt. 90), and a motion for reconsideration under Federal Rules of Civil Procedure 15(c), 59(e), 60(b)(2), 60(b)(3), and 60(b)(6) (Dkt. 93). Petitioner again argues that a fraud has been perpetrated upon the court because certain medical records were withheld. Am. Mot. for Relief from J. at PageID.2371–2380 (Dkt. 90). Petitioner's previous motions asserted only vague and conclusory allegations of fraud and, therefore, were not considered successive petitions by

5

this Court or the Court of Appeals. In contrast, the instant motions cite newly discovered medical records regarding the victim's emergency room treatment. Specifically, Petitioner cites treating physician Dr. Susie Flink's observation that the victim presented with "a single puncture type wound in the upper aspect of the mid forehead … [and] 2 puncture type wounds in the upper back." Id. at PageID.2388. Petitioner contends that Dr. Flink's characterization of the wounds conflicts with evidence presented at trial that the victim suffered from a gunshot wound to the forehead and two to the back. Id. at PageID.2373.

Petitioner raises new evidence that was not raised in his initial habeas petition. A motion for relief from judgment that seeks to present "new evidence in support of a claim already litigated" is a "second or successive habeas petition," which requires authorization from the federal appellate court before filing pursuant to the provisions of 28 U.S.C. § 2244(b). Gonzalez v. Crosby, 545 U.S. 524, 531 (2005). These pleadings, therefore, constitute a second or successive habeas petition, which requires appellate authorization before filing. See Tyler v. Anderson, 749 F.3d 499, 506–507 (6th Cir. 2014) (discussing when a post-judgment motion constitutes a second or successive petition).

Petitioner has not obtained appellate authorization to file a second or successive habeas petition as required by 28 U.S.C. § 2244(b)(3)(A). Consequently, his motion to amend motion for relief from judgment (Dkt. 89), amended motion for relief from judgment (Dkt. 90), and motion for reconsideration (Dkt. 93), must be transferred to the Sixth Circuit for consideration under § 2244(b)(3)(A). See Moreland v. Robinson, 813 F.3d 315, 325 (6th Cir. 1997). Accordingly, the Court will order the Clerk of the Court to transfer this case to the Sixth Circuit pursuant to 28 U.S.C. § 1631 (authorizing transfer of

cases) and In re Sims, 111 F.3d 45, 47 (6th Cir. 1997) ("[W]hen a second or successive petition for habeas corpus relief ... is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").

  E.  **Injunction Prohibiting Further Filing in this Case Without Leave of Court**

  The Court has the authority to enjoin vexatious litigants from filing future pleadings without first obtaining court approval to do so. See Feathers v. Chevron U.S.A., Inc., 141 F.3d 264, 269 (6th Cir. 1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation."); Wrenn v. Vanderbilt Univ. Hosp., No. 94-5453, 1995 WL 111480, at *3, (6th Cir. 1995) ("This court has the authority to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651 (a)."). Given the high volume and repetitive and frivolous nature of Petitioner's filings, the Court will enjoin Petitioner from filing any new documents in this case without first obtaining leave of this Court by filing a motion for leave. The motion for leave must be captioned "Application Pursuant to Court Order Seeking Leave to File" and must contain a copy of this opinion and order. Failure to strictly comply with these terms will be sufficient grounds for summarily denying leave to file. See Sassower v. Thompson, Hine & Flory, 986 F.2d 1422 (6th Cir. 1993).

### III.  CONCLUSION

  Accordingly, the Court denies Petitioner's motion to supplement (Dkt. 85), motion to amend and alter judgment (Dkt. 86), motion to amend motion to amend (Dkt. 87),

amended motion to amend and alter judgment (Dkt. 88), and emergency motion to hold motions in abeyance (Dkt. 96).

The Court orders the Clerk of Court to transfer Petitioner's motion to amend (Dkt. 89), amended motion (Dkt. 90), and motion for reconsideration (Dkt. 93), to the Sixth Circuit Court of Appeals.

The Court enjoins Petitioner from filing any additional motions or other papers in this case without leave of Court.

SO ORDERED.

Dated: March 27, 2024             s/Mark A. Goldsmith
       Detroit, Michigan          MARK A. GOLDSMITH
                                       United States District Judge